UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRUTCHFIELD PROPERTIES, LLLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLOBAL ENVIROTECH, LLC, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO. 4:17-CV-00076-WMR |

### PLAINTIFF'S MOTION TO EXCLUDE CERTAIN TESTIMONY FROM ALAN F. WESTON, PH.D.

Pursuant to Rule 702 of the Federal Rules of Evidence and this Court's Local Rule 26.2(c), Plaintiff Crutchfield Properties, LLLP moves this Court for entry of an order excluding certain testimony from Alan F. Weston, Ph.D. Dr. Weston is a chemist and "Director of Remedial Technology" at the consulting firm GHD and has been identified by the Defendants pursuant to Fed. R. Civ. P. 26(a)(2) as a witness that they may use to present evidence under Fed. R. Civ. P. 702.

As explained in Plaintiff's "Brief in Support of Motion to Exclude Certain Testimony from Dr. Alan F. Weston," which is filed contemporaneously herewith, Dr. Weston's expected testimony that the Defendants' industrial waste "did not cause" the November 14, 2015 fire at the Old Barwick Mill in LaFayette, Georgia

(the "OBM") should be excluded by this Court because Dr. Weston readily admitted during his June 27, 2018 deposition that (1) he has no training or education in regard to determining the cause and origin of a fire, (2) he has never been qualified by a court or other tribunal as an expert on fire investigations or in determining the cause or origin of a fire, (3) he does not consider himself to be an expert in fire investigations, and (4) prior to this matter, he has never been retained by any client to serve as an expert on fire investigations or on the cause and origin of a fire.

In addition, Dr. Weston also admitted that he was not engaged in this matter until April 2018, prepared his expert report *without* ever visiting the OBM, and did not visit the OBM until June 2018—close to *three years after* the November 2015 fire at the OBM and *after* the OBM Site had been completely cleaned up by Crutchfield.

Therefore, Dr. Weston lacks factual basis and lacks the education, experience, training and expertise to opine on the cause and origin of a fire, is not competent to testify on that subject under Fed. R. Evid. 702, and any such testimony by Dr. Weston is *not* reliable and scientifically valid under Eleventh Circuit precedent and the standards established by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

In addition, Dr. Weston should also be excluded from providing any purported "opinions" regarding which specific waste materials were present at the OBM at the time of the November 2015 fire. During Dr. Weston's June 2018 deposition, the Defendants' counsel stipulated that Defendants were *not* "offering Dr. Weston as an expert witness on what materials were stored at the Old Barwick Mill at the time of the fire." (6/27/18 Deposition of Alan Weston at p. 100:12-16, Ex. 1 to Plaintiff's Supporting Brief). However, despite such stipulation, Dr. Weston repeatedly testified at his deposition that he was seeking to offer "expert opinions" on what specific waste materials were stored by Defendants at the OBM at time of the fire. Thus, in light of the stipulation on the record by the Defendants' counsel and out of an abundance of caution, Plaintiff also requests that the Court exclude Dr. Weston from testifying regarding the waste stored by the Defendants at the OBM at the time of the fire, which is a factual issue to be determined by the jury and the Court based on witness testimony during the trial.

WHEREFORE, Plaintiff respectfully requests that this Court exclude Dr. Weston from providing any testimony regarding (1) causation of the November 2015 fire at the OBM, and (2) which waste materials were present at the OBM at the time of the November 2015 fire.

Respectfully submitted this 17th day of September, 2019.

                                            SMITH, GAMBRELL & RUSSELL, LLP

                                            */s/ Andrew M. Thompson*

| | |
|---|---|
| | Andrew M. Thompson |
| | Georgia Bar No. 707319 |
| 1230 Peachtree Street N.E. | Stephen E. O'Day |
| Suite 3100, Promenade | Georgia Bar No. 549337 |
| Atlanta, Georgia 30309-3592 | Vickie C. Rusek |
| Telephone: (404) 815-3701 | Georgia Bar No. 487697 |
| Fax: (404) 685-7001 | *Counsel for Plaintiff Crutchfield* |
| Email: athompson@sgrlaw.com | *Properties, LLLP* |

## **CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1(D), counsel for Plaintiff certifies that the font and point size, Times New Roman 14 point, used in this document, comply with Local Rule 5.1(B).

>                             */s/ Andrew M. Thompson*
>                             Andrew M. Thompson
>                             Georgia Bar No. 707319
>
>                             *Attorney for Plaintiff Crutchfield*
>                             *Properties, LLLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRUTCHFIELD PROPERTIES, LLLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 4:17-cv-00076-WMR |
| GLOBAL ENVIROTECH, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he served all parties with the foregoing **PLAINTIFF'S MOTION AND BRIEF IN SUPPORT THEREOF TO EXCLUDE CERTAIN TESTIMONY FROM ALAN F. WESTON, PH.D.** by causing the same to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing sufficient to constitute service to all counsel of record. In addition, Defendant John F. Morgan was served by U.S. mail at 904 West Dug Gap Mountain Rd., Dalton, Georgia 30720.

This 17th day of September, 2019.

/s/ *Andrew M. Thompson*
Counsel for Plaintiff